# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3163

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Antonio Ortiz-Ramirez, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: July 28, 2005
Filed: August 15, 2005

_____

Before MORRIS SHEPPARD ARNOLD, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

Antonio Ortiz-Ramirez appeals the judgment the district court[1] entered after finding him guilty of illegal reentry. His counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the district court erred in admitting a Mexican military identification card without proper authentication and that, but for the identification card, the government would have been unable to prove that Ortiz-Ramirez was an alien.

_____

[1]The Honorable Joseph F. Bataillon, Chief Judge, United States District Court for the District of Nebraska.

Counsel's argument fails. We find that there is sufficient competent evidence in the record--apart from the military identification card--to support the judgment, <u>see</u> 8 U.S.C. § 1326(a) (making it illegal for alien who has been deported to enter or be found in United States without Attorney General's express consent), and we are confident that the district court would have reached the same result even if the card had been excluded. Thus, we conclude that admission of the card was, at most, harmless error. <u>See</u> Fed. R. Crim. P. 52(a) (any error that does not affect substantial rights must be disregarded); <u>Greater Kan. City Laborers Pension Fund v. Superior Gen. Contractors, Inc.</u>, 104 F.3d 1050, 1057 (8th Cir. 1997) (admission of incompetent evidence at bench trial will be deemed harmless if sufficient competent evidence exists in record to support judgment and it does not appear that district court was induced by incompetent evidence to make essential findings that it otherwise would not have made); <u>United States v. J.H.H.</u>, 22 F.3d 821, 829-30 (8th Cir. 1994) (admission of allegedly improperly admitted testimony at bench trial was harmless error because record contained ample evidence, without testimony, to support defendants' convictions, and district court would have reached same result even if testimony had been excluded).

Having reviewed the record independently pursuant to <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we affirm the judgment, and we grant counsel's motion to withdraw.

_____